**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| ROBERT STOKES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-00856-WTL-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Robert Stokes ("Mr. Stokes") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I. The § 2255 Motion**

*Background*

On August 31, 2011, Mr. Stokes was convicted in No. 1:11-cr-0002-WTL-KPF-1 of possession of a firearm in furtherance of drug trafficking, a violation of 18 U.S.C. § 924(c), and of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Mr. Stokes was sentenced to 60 months imprisonment on the § 924(c) offense and to 96 months on the § 922(g)(1) offense, to be served consecutively. No appeal from this disposition was filed.

This is Mr. Stokes' first motion to vacate. It was placed in the prison mailing system on April 11, 2016, and filed with the Clerk on April 18, 2016. The United States has responded to

the § 2255 motion by arguing that Mr. Stokes' challenge based on *Johnson v United States,* 135 S. Ct. 2551 (2015) warrants no relief.

*Discussion*

A motion pursuant to 28 U.S.C. § 2255(a) is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for § 2255 motions, 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), that period runs from "the date on which the judgment of conviction becomes final." A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003).

Mr. Stokes' judgment of conviction was entered on the clerk's docket on August 31, 2011. The last day on which a timely notice of appeal could have been filed was September 14, 2011. The motion to vacate was filed three years and seven months after the general one year statute of limitations expired. 28 U.S.C. § 2255(f)(1).

Although the parties do not address the statute of limitations issue directly, Mr. Stokes argues, as his only claim, that the decision in *Johnson* renders his sentence unlawful. *Johnson* was decided on June 26, 2015, and the one year statute of limitation begins from the date a constitutional right is first recognized by the Supreme Court and is made retroactively applicable to cases on collateral review. 28. U.S.C. § 2255(f)(3). The Supreme Court has found its holding in *Johnson* is retroactively applicable to cases on collateral review. *United States v. Welch*, 136 S. Ct. 1257 (2016). If Mr. Stokes' claim falls within the scope of the *Johnson* decision, it would not be time barred. *See Stanley v. United States,* 827 F.3d 562 (7th Cir. 2016).

Mr. Stokes' reliance on § 2255(f)(3) and *Johnson* to overcome the limitations bar, however, is misplaced. *Johnson* has no bearing on his case.

"*Johnson* holds that part of 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutional." *Stanley,* 827 F.3d at 564. "Subsection 924(e), called the Armed Career Criminal Act, requires longer sentences for persons convicted of three or more violent felonies or serious drug offenses." *Id.* Subsection 924(e)(2)(B)(ii) "classifies as a violent felony any crime that 'is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.'" Id.* (quoting section 924(e)(2)(B)(ii))(emphasis added). The part of the clause that is italicized in the preceding sentence is the "residual clause," which *Johnson* declared is unconstitutionally vague.

Mr. Stokes' conviction of illegal possession of a firearm has "*never* qualified as a violent felony" and therefore is "unaffected by *Johnson.*" *Stanley,* 827 F.3d at 565. Mr. Stokes' prior convictions on which his § 922(g) "felon in possession" conviction was based were drug and firearm offenses. Of most significance is the fact that Mr. Stokes was not sentenced under the ACCA nor was his sentence enhanced in any way by a crime of violence. The residual clause of the ACCA simply did not come into play when Mr. Stokes was sentenced.

Because *Johnson* does not render Mr. Stokes' sentence unlawful, and in fact, does not apply at all to his convictions, he is not granted "a fresh window to file a collateral attack." *Stanley,* 827 F.3d at 565. Mr. Stokes' § 2255 motion is time-barred.

*Conclusion*

The foregoing circumstances show that Mr. Stokes is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry shall also be entered on the docket in the underlying criminal action, No. 1:11-cr-0002-WTL-KPF-1.**

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Stokes has failed to show that reasonable jurists would find it "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 2/23/17

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Robert Stokes, 09834-028, USP-TERRE HAUTE, Inmate Mail/Parcels, P.O. BOX 33, Terre Haute, IN

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.